```
                                          FILED
                                       BILLINGS, MT

                                    2006 JAN 25  PM 2 20

                                    PATRICK E. DUFFY, CLERK

                                    BY _____
                                          DEPUTY CLERK
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIM GROSS, Personal Representative )<br>of the ESTATE OF MIKALENE )<br>CECILE GROSS, Individually and on )<br>behalf of the heirs and successors of )<br>MIKALENE CECILE GROSS, )<br>          )<br>          Plaintiffs, )<br>          )<br>vs.          )<br>          )<br>EVERGREEN AT BILLINGS, LLC, )<br>d/b/a EVERGREEN BILLINGS )<br>HEALTH AND REHABILITATION )<br>CENTER; EVERGREEN )<br>HEALTHCARE MANAGEMENT, LLC;)<br>EHC MANAGEMENT, LLC; )<br>ANDREW V. MARTINI; JOHN )<br>COOPER; WANDA TOUNSLEY; )<br>and JOHN DOES 1 THROUGH 7, )<br>          )<br>          Defendants. )<br>_____ ) | CV-05-150-BLG-RFC<br><br>ORDER |

## BACKGROUND

Plaintiffs have filed a motion seeking an order remanding this case to the Montana

Thirteenth Judicial District Court for Yellowstone County on the grounds that the United States

District Court does not have original jurisdiction of this action. Plaintiffs further move the Court

-1-

to require Defendant to pay Plaintiffs' just costs and actual expenses incurred as a result of

removal.  Defendants oppose Plaintiffs' motions.

Mikalene Gross was admitted to the Evergreen Nursing Home on November 18, 1998

with a primary diagnosis of dementia.  On August 13, 2002, Mikalene wandered out of the

Evergreen Nursing Home without being detected and drowned in the Lockwood Ditch.  Plaintiff

Gross, as personal representative of Mikalene Gross, brought this action in state court alleging

negligence, wrongful death, and survival claims, as well as claims for respondeat superior and

alter ego.  Plaintiffs' claims stem from the death of Mikalene Gross, who was a resident

Evergreen Nursing Home at the time of her death.  Defendant Evergreen owns and operates the

skilled nursing facility.  Defendants Evergreen Healthcare Management, LLC and EHC

Management, LLC controlled and provided direct and indirect management services to

Evergreen Nursing Home.

Plaintiffs' Complaint was filed May 19, 2004 in Montana Thirteenth Judicial District

Court, Yellowstone County.  On November 2, 2005, the State District Court granted Plaintiffs'

motion for leave to file a First Amended Complaint to include three additional identified

Defendants.  Codefendant EHC Management, LLC moved this case to federal court on

November 23, 2005.

## ANALYSIS

**I.     Do Plaintiffs' Claims "Arise Under" the Constitution, Laws or Treaties of the
United States if Congress did not Create a Federal Private Cause of Action for
Violations of FNHRA Regulations and did not Preempt State Remedies?**

Title 28 U.S.C. § 1441(a) provides that a case is properly removable where it could have

been brought originally in federal court under 28 U.S.C. § 1331 as a case "arising under the

-2-

Constitution, laws, or treaties of the United States.  In addition to cases in which the plaintiff

explicitly states a cause of action, federal question jurisdiction exists where the plaintiff's "right

to relief under state law requires resolution of a substantial question of federal law in dispute

between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13

(1983).

The removing party bears the burden of establishing that removal is proper. *Emrich v.

Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  The removal statute is strictly

construed, and a court must reject federal jurisdiction if there is any doubt as to the right of

removal in the first instance. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Federal Courts have federal jurisdiction over state law claims if they necessarily state a

federal issue, are actually disputed and substantial, and the federal forum may entertain without

disturbing the congressionally approved balance of federal and state judicial responsibilities.

*Grable v. Darue Engineering & Manufacturing*, ____ U.S. ____, 125 S.Ct. 2363, 2368.

At 42 CFR part 483, the United States Department of Health and Human Services has

promulgated various requirements applicable to long term care facilities, and particularly skilled

nursing facilities.  Congress has also enacted the Nursing Home Reform Act of 1987 ("FNHRA")

42 U.S.C. §§ 1395i-3(a)-1395i-3(h) (Medicare) and 1396r(a)-1396r(h) (Medicaid).  To

participate in the Medicare or Medicaid programs, skilled nursing facilities must comply with

federal, state and local administrative requirements.  In Mont. Code Ann. § 50-5-1104(a), the

State of Montana has adopted by reference the federal regulation that implements 42 U.S.C. §§

1395i-3(a) and 1396r(a):

> The state adopts by reference for all long-term care facilities the rights for long-term care facility residents applied by the federal government to facilities that provide skilled nursing care or intermediate nursing care and participate in a medicaid or medicare program (42 U.S.C. §§ 1395i-3(a) and 1396r(a), as implemented by regulation).

In addition, under Montana law, any long term care facility "must comply with the state and federal requirements relating to construction, equipment, and fire and life safety." Mont. Code Ann. § 50-5-103(2).

Defendant relies on the recent Supreme Court decision in *Grable v. Darue Engineering & Manufacturing*, ____ U.S. ____, 125 S.Ct. 2363 (2005), to remove this case to Federal Court. The Court in *Grable* discussed *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) and specifically found that *Grable* was not contrary to *Merrell Dow*. In *Merrell Dow*, the United States Supreme Court held that a complaint which alleges "a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation does not state a claim 'arising under' the Constitution, laws, or treatises of the United States." *Id.* at 817. Both *Grable* and *Merrell Dow* recognize that violation of federal regulations constituting negligence per se under state law will not ordinarily state a claim "arising under" federal law if Congress has not created a federal private cause of action for their violation and has not preempted state law.

Courts that have considered this issue have determined that FNHRA, Medicare and Medicaid Acts do not create a private cause of action enforceable against private nursing homes for violation of its provisions. *See eg., Ratmansky v. Plymouth Nursing Homes*, 2005 WL 770628 (E.D.Pa. 2005). In *Brogdon v. National Healthcare Corporation*, 103 F.Supp.2d 1322

-4-

(N.D. Ga 2000), Plaintiffs sued a private nursing home alleging failure to provide basic and

minimally required levels of care.  The *Brogdon* Court analyzed the FNHRA in depth and cited

cases as follows:

> The great majority of courts have determined that the Medicare and Medicaid
> Acts do not authorize private causes of action against nursing homes. See *Wheat
> v. Mass*, 994 F.2d 273, 276 (5th Cir.1993); *Stewart v. Bernstein*, 769 F.2d 1088,
> 1092-93 (5th Cir.1985); *Estate of Ayres v. Beaver*, 48 F.Supp.2d 1335, 1339-40
> (M.D.Fla.1999); *Nichols v. St. Luke Ctr.*, 800 F.Supp. 1564, 1568 (S.D.Ohio
> 1992); *Chalfin v. Beverly Enters., Inc.*, 741 F.Supp. 1162, 1170-71 (E.D.Pa.1989);
> *Fuzie v. Manor Care, Inc.*, 461 F.Supp. 689, 697 (N.D.Ohio 1977). *But see
> Roberson v. Wood*, 464 F.Supp. 983, 988-89 (E.D.Ill.1979).  These courts found
> nothing in the text or legislative history of the Medicaid or Medicare Acts before
> the OBRA '87 amendments to suggest that Congress intended to create a private
> cause of action. *See Stewart*, 769 F.2d at 1092-93; *Chalfin*, 741 F.Supp. at 1170-
> 71.
>
> An examination of the FNHRA does not alter this conclusion. First, the fact that
> the FNHRA speaks in terms of residents' rights, 42 U.S.C.A. §§ 1395i-3(c),
> 1396r(c), does not determine whether residents have a private cause of action, or
> even whether those "rights" are enforceable. *Pennhurst v. Halderman*, 451 U.S.
> 1, 18-19, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981) ("bill of rights" provision of
> Developmentally Disabled Assistance and Bill of Rights Act essentially precatory
> and therefore unenforceable under § 1983).
>
> Second, the legislative history of the FNHRA does not support a finding that a
> private cause of action exists. The Medicare and Medicaid Acts are programs that
> restrict the disbursement of funds pursuant to Congress' taxing and spending
> power. Incident to its spending power, "Congress may attach conditions on the
> receipt of federal funds, and has repeatedly employed the power 'to further broad
> policy objectives by conditioning receipt of federal moneys upon compliance by
> the recipient with federal statutory and administrative directives.'" *South Dakota
> v. Dole*, 483 U.S. 203, 206, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987) (quoting
> *Fullilove v. Klutznick*, 448 U.S. 448, 474, 100 S.Ct. 2758, 65 L.Ed.2d 902
> (1980)). "[L]egislation enacted pursuant to the spending power is much in the
> nature of a contract: in return for federal funds, the [recipients] agree to comply
> with federally imposed conditions." *Pennhurst*, 451 U.S. at 17, 101 S.Ct. 1531.

*Brogdon*, 103 F.Supp.2d at 1330-1331.

In *Ratmansky, supra.*, the federal court considered a case essentially on point with this matter. Plaintiff filed a state court action against a private nursing home claiming negligence, including negligence per se, based on violations of rights, rules and regulations set forth in 41 U.S.C. § 1395(i) and 42 C.F.R. 483. A defendant removed the case to federal court, and the federal court remanded back to state court, concluding that the mere incorporation of a federal standard into plaintiff's state law claims does not confer federal subject matter jurisdiction.

Defendants argue that *Ratmansky* was decided before the United States Supreme Court issued it's opinion in *Grable* and, therefore, *Ratmansky* is disfavored. *Ratamansky* relies heavily on *Merrell Dow Pharmaceuticals* in its reasoning and the *Grable* Court specifically states that *Merrell Dow Pharmaceuticals* is not contrary to the holding. *Ratamansky* is still good law and is persuasive authority.

Based on the almost identical situation in *Ratamansky*, and the holding by that Court, the persuasive authority in *Brogdon*, and the United States Supreme Court's rulings in *Merrell Dow Pharmaceuticals* and *Grable*, this case is most properly heard by the State District Court. It is well recognized that a violation of federal regulations constituting negligence per se under state law will not ordinarily state a claim "arising under" federal law if Congress has not created a federal private cause of action for their violation and has not preempted state law. There is no doubt that Congress has not created a federal private cause of action for this violation and has not preempted state law.

## II.    Would the Exercise of Federal Jurisdiction in this Case Disturb the Balance of State and Federal Judicial Responsibilities?

*Merrell Dow Pharmaceuticals* and *Grable* both counsel against adoption rule whereby any violation of federal law or statute that forms the basis for a negligence claim would establish federal question jurisdiction.  The *Grable* Court discussed at length the increased volume of federal litigation if the violation of a federal statute constituting negligence per se was the only requirement for federal jurisdiction.  This would require that any case involving a violation of any federally regulated activity that might involve risk of personal injury or death would create federal question jurisdiction.  That was clearly not the intent of Congress when it did not create a private cause of action again nursing homes for violation of the FNHRA and did not preempt state law claims.

## III.    Are Plaintiffs Entitled to Costs and Fees in Seeking Remand of this Case?

Plaintiffs argue for costs and fees in seeking remand of this case.  Title 28 U.S.C. § 1447(c) provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."

Many courts have found that an award of costs and fees is not appropriate where the attempted removal was not in bad faith.  *Moorco Intern., Inc. v. Elsag Bailey Process Automation, N.V.,* 881 F.Supp. 1000, 1007 (E.D. Pa. 1995); *Yellow Cab Co. Of Pittsburgh v. Gasper,* 994 F.Supp. 344, 350 (W.D. Pa. 1998).  Although the removal was not proper in this case, Defendants' removal notice was not unreasonable nor does it appear to have been done in bad faith.  Plaintiffs' are not entitled to costs and fees.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' MOTION TO

REMAND [*doc. #7*] is GRANTED IN PART AND DENIED IN PART.  This matter shall be

remanded to Montana Thirteenth Judicial District Court, Yellowstone County.  Plaintiffs are not

entitled to any costs or fees in seeking remand of this case.

DATED this _____ day of January, 2006.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE


CERTIFICATE OF MAILING
DATE: 1/25/06 BY: CC
I hereby certify that a copy
of this order was mailed to:
Jeffrey Hunnes
Hebert Pierce, III
Bryan Wilson